FILED
2009 Mar-20  PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

'FILED

09 MAR 20 AM 11:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plantiff, | ) |
| | ) |
| v. | ) Criminal Case No.2:00-cr-00188-JHH-JEO |
| | ) Civil Case No. CV-02-H-8004-S |
| DONCEY FRANK BOYKIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## APPENDIX TO DEFENDANT'S MOTION UNDER FED.R.CIV.P. 60(b)(4) and (6)

## A P P E N D I X

Doncey Frank Boykin
#16386-001 (Beta B Unit)
FCI Talladega
PMB 1000
Talladega, AL 35160

Doncey Frank Boykin
Pro se Defendant

\*\*\*\*\*\*

## United States of America v. Doncey Frank Boykin

### Criminal Case No.2:00-cr-00188-JHH-JEO

### Civil Case No.02-H-8004-S

**Appendix:**

Circuit Court of Jefferson County's Order vacating
and dismissing state charge..........................................."A"

Transcript of Sentencing for Doncey Frank Boykin......................"B"

## PROOF OF SERVICE

I certify that on this /8 day of March, 2009, I mailed a copy of this Appendix and all attachments, first class mail postage prepaid, to:

U.S. Attorney's Office
John Clay Earnest. Jr.
1801 4th Ave. North
Birmingham, AL 35203-2101

Executed this /8ᵗʰ day of March, 2009, pursuant to 28 U.S.C §1746, and Fed.R.App.P. 25(a).

Doncely Frank Boykin
#16386-001 (Beta B)
FCI Talladega
PMB 1000
Talladega, AL 35160

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**TENTH JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| **DONCEY FRANK BOYKIN,** | ) | |
| | ) | |
| **PETITIONER,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.  CC-87-1452** |
| | ) | **CC-87-2029** |
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **RESPONDENT.** | ) | |

## ORDER

Pursuant to the Order issued by the Alabama Court of Criminal Appeals, the petitioner herein was ordered back from prison and an evidentiary hearing was held this date relative to the Rule 32 Petitions filed in each of the cases noted hereinabove.  The petitioner was present in open court in person, and Deputy District Attorney J. Michael Philpott was present on behalf of the State of Alabama.  Evidence was presented by the petitioner, and considered by the Court.  Evidence was also presented by the State of Alabama, including State's Exhibits A and B, which are copies of the indictments in each case, as well as copies of Grand Jury testimony relative to each case.  After due consideration of all of the evidence presented herein, the Court finds as follows:

[1]     In Case Number CC-87-1452.60, both the indictment and Grand Jury transcript clearly show that the petitioner was aided and abetted by a co-defendant, who represented to the victim herein that he was armed with a pistol during the commission of the crime of Robbery in the First Degree, and that the Court had jurisdiction to accept the petitioner's guilty plea to the amended charge of Robbery in the Second Degree (See State's Exhibits A and B which are attached hereto, incorporated herein by reference and marked as EXHIBIT "A" and EXHIBIT "B" , respectively, to this Court's Order.)  Additionally, the "Court's Exhibit A" and "Court's Exhibit B" forms, executed by the petitioner at the time he entered his guilty plea herein further exemplifies that he was well aware of the nature of the charges against him and he entered his guilty plea willingly and knowingly. (See "Court's Exhibit A" and "Court's Exhibit B" which are attached hereto, incorporated herein by reference and marked as EXHIBIT "C" and EXHIBIT "D", respectively, to this Court's Order.)

[2]     In Case Number CC-87-2029.60 both the indictment and Grand Jury transcript fail to show that the petitioner was aided and abetted by a co-defendant in the commission of the crime of Robbery in the First Degree.  The Court has been unable to get former Judge J. Richmond Pearson's court reporter, one Laurie Calvert, to prepare a transcript of the plea in that case, therefore,  in considering the limited

BOYKIN v. STATE of ALABAMA
CC-87-1452
CC-87-2029
**ORDER**
Page 2

information this Court has before it, it appears that the undersigned's predecessor, Judge J. Richmond Pearson, was without jurisdiction to amend the original indictment from Robbery in the First Degree to Robbery in the Second Degree, or to impose sentence for same. Therefore, the petitioner's plea of guilty to the amended charge of Robbery in the Second Degree, heretofore entered on June 22, 1987, is hereby vacated, and the petitioner's original charge of Robbery in the First Degree is reinstated and remains valid. The said case shall be reset for trial in due course.

[3]    The Clerk is directed to forward a copy of this Order to Deputy District Attorney J. Michael Philpott and to the petitioner.

**DONE and ORDERED** this the 4th day of October 2002.


**GLORIA BAHAKEL**
**Circuit Judge**

| State of Alabama<br>Unified Judicial System<br><br>Form C-7  Rev. 2/79 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br>CC 87 2029.80<br>ID   YR   Number |

| Style: | DONCEY BOYKIN | Page Number ____ of ____ Pages |

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
| --- | --- |
| 4-5-04 | NUNC PRO TUNC correction to Order entered 10-17-03, in Case # CC-87-1452.80 (Defendant's companion Robbery 1° case). Per the Order of this Court, relative to this case, as well as defendant's companion case, CC-87-1452, the defendant's plea to the amended charge of Robbery 2° in this case was vacated, and the original charge of Robbery 1° was reinstated, on 10-4-02. Defendant's plea to the amended charge of Robbery 2° in the said companion case was found to be properly accepted by Judge Pearson, who had jurisdiction to accept same, and his sentencing Order remains valid. It was further Ordered that this case would be reset for trial in due course. The clerk is directed to correct her records accordingly. The original date of this Order in case # CC-87-1452 shall remain the same.<br><br>_Suzie Bahakel, Judge_ |
| 4-5-04 | It is noted that a certificate of judgment affirming the Order of 10-4-02 was issued by the Court of Criminal Appeals on 2-14-03, wherein defendant's plea of guilty to the amended charge of Robbery 2° was vacated and the original charge of Robbery 1° was reinstated by this Court, in this case. Since that time, the D.A.'s office filed a Motion to Dismiss this case which was granted on 5-13-03.<br><br>_Suzie Bahakel, Judge_ |

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 1987 002029.00
JUDGE ID:   GTB

---

STATE  OF  ALABAMA                VS        BOYKIN DONCEY FRANK

---

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 10/15/03 | Motion for Discovery |
| 10-17-03 | Motion for Discovery is Denied. This case was Dismissed on 5-13-03 upon request of the State of Alabama. The Clerk is directed to forward a copy of this CAS to the Defendant. (See .80 CAS for Dismissal Order). *Sonia Bokahel, Judge* |
| 10-23-03 | D.A. & defts. notified |
| 12-5-03 | Copies mailed to defendant |
| 6-3-04 | Letter from defts. |
| 6-3-04 | Letter from the defendant was received and reviewed this date. No action is taken. *Maria Polosky* |
| 6-11-04 | **FILE RETURNED FROM COURT ROOM** |
| 6-14-04 | all parties notified |

FILED 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 JAN -3 PM 2: 47

U.S. DISTRICT COUR
N.D. OF ALABAMA

UNITED STATES OF AMERICA,      *    Case No. CR-00-H-188-S

       v.                      *    Birmingham, Alabama
                                    November 3, 2000
DONCEY FRANK BOYKIN,           *    9:50 a.m.

          Defendant.


          ******************************

          TRANSCRIPT OF SENTENCING
   BEFORE THE HONORABLE JAMES H. HANCOCK
   UNITED STATES DISTRICT COURT JUDGE.


For the United States:                John Earnest, Jr., AUSA
                                      Robert S. Vance Courthouse
                                      Birmingham, Alabama   35203


For The Defendant:                    Michael Hanle
                                      P.O. Box 11286
                                      Birmingham, Alabama   35202




Court Reporter:                       Teresa Roberson, RPR
                                      Federal Court Reporter
                                      325 Federal Courthouse
                                      Birmingham, Alabama 35203

28

PROCEEDINGS

THE COURT: The matter to be taken up at this time
is the case of United States of America vs. Doncey Frank
Boykin, CR-00-H-188-S.

On August 28 of this year, the jury found the
defendant guilty of the offense charged in the indictment
and the matter has been scheduled for sentencing at this
time.

A presentence report has been prepared and has
been available to the defendant, his attorney, to the
government and to the Court for an extended period of time
and I have on multiple occasions reviewed the presentence
report, both the initial presentence report and the
objections that were filed by the defendant on October 16
and the responses to those objections in the presentence
report, like I say, on several occasions.

Mr. Hanle, have you and Mr. Boykin yourselves had
ample opportunity to review the presentence report?

MR. HANLE: I believe we have, Your Honor.

THE COURT: Is there anything in the presentence
report from a factual standpoint that either you or Mr.
Boykin find to be inaccurate or incomplete or that either of
you would like to discuss with the Court or comment on other
than has been embraced in your objections filed on October

1  16?

2         MR. HANLE:  No, sir.

3         THE COURT:  Other than as embraced in those

4  objections that you filed, are there any comments or

5  observations with regard to the calculation of the

6  sentencing guidelines?

7         MR. HANLE:  Other than what is included in the

8  defendant's objections to the presentence report, no, Your

9  Honor, there are not.

10         THE COURT:  Is there anything then that you would

11  like to say further or present further in connection with

12  any of those objections?

13         MR. HANLE:  Other than what is included in here.

14         THE COURT:  Other than what is in the October, I

15  said earlier 16, it was filed October 13 objections, other

16  than what is in your objections that you filed, do you have

17  anything else that you want to say or present to the Court?

18         MR. HANLE:  No, Your Honor.

19         THE COURT:  Any comments or observations from the

20  government with regard to those objections?

21         MR. EARNEST:  Not with regard to the objections,

22  Your Honor.

23         THE COURT:  Is there anything further, then, Mr.

24  Hanle, that you and/or Mr. Boykin would like to say to the

25  Court by way of mitigation of punishment or otherwise before

4

1    the Court imposes a sentence?

2              MR. HANLE:  No, sir.

3              THE COURT:  Any comments or observations from the

4    government?

5              MR. EARNEST:  We would at this time offer

6    certified copies of convictions which we think are relevant

7    for purposes of 18, U.S.C., 924(e).

8              The first we would offer, Your Honor, as

9    Government's Exhibit Number 1 is a certified copy of a

10   conviction in the Jefferson County Circuit Court in case

11   number CC-83-02122, I believe what the case number is,

12   reflecting conviction for an assault first degree which the

13   government asserts is a crime of violence, a felony of

14   violence.

15             We would also offer a certified copy as

16   Government's Exhibit Number 2 of Jefferson County Circuit

17   case number CC-87-00-1452 reflecting a conviction of Mr.

18   Boykin for robbery in the second degree which the government

19   asserts is also a felony of violence versus a statute.

20             And also we would offer Government's Exhibit 3

21   which purports to be a certified copy of Jefferson County

22   Circuit Court case number CC-87-00-2029. which is also

23   reflecting a conviction for charge of robbery second degree

24   against Mr. Boykin.

25             THE COURT:  The first one that you read,

5

1   let me just check this, maybe with the probation officer,

2   are these not the convictions that are set forth in the

3   presentence report in paragraphs twenty-four, thirty-five,

4   and thirty-six?

5            PROBATION OFFICER:  They are, Your Honor.

6            THE COURT:  They are received.

7            MR. EARNEST:  That is all, Your Honor.

8            THE COURT:  Anything further by way of mitigation,

9   Mr. Hanle?

10           MR. HANLE:  No, Your Honor.

11           THE COURT:  Each of the offered certified copies

12   are received.

13           As I indicated, on October 13, the defendant filed

14   written objections to the presentence report.

15           The first objection concerns the listing of

16   aliases on Page 2 of the presentence report, and that

17   objection is overruled.

18           The second objection refers in essence to offense

19   conduct set forth in paragraphs four, five, six, and seven

20   of the presentence report.

21           The facts that are presented in the October 13

22   objections addressing the factual presentation in paragraphs

23   four, five, six, and seven are totally supported.  The

24   recitation of the facts in paragraphs four, five, six and

25   seven are totally supported by the trial testimony of Joe

1   Patterson who was with the Birmingham Police Department and
2   Chris Anderson who was also with the Birmingham Police
3   Department.  And during Mr. Anderson's presentation, there
4   was introduced into evidence as Government's Exhibit 1 a
5   tape of a statement of the defendant, and also, and
6   significantly supported by the testimony of Dale Martin who
7   was the manager or at least an employee of the Birmingham
8   Pistol Parlor.

9           All of that testimony of those witnesses was
10  viewed by me at the time it was presented as credible.

11          The jury deliberated in this case and it heard the
12  testimony of Johnathan Hicks, Edward Hicks, Sandra Craig and
13  Leo Harrell that in some ways was trying to cast doubt on
14  the credibility of the testimony that was presented by the
15  government.  And the jury concluded, as I conclude, that the
16  testimony of Johnathan Hicks, Edward Hicks, Sandra Craig was
17  unworthy of belief and in effect validated the Court's
18  determination that the testimony of Joe Patterson, Chris
19  Anderson, and Dale Martin, as well as other witnesses in the
20  case, was credible.

21          And the Court concludes that the recitation set
22  forth in paragraphs four, five, six and seven of the
23  presentence report is a fair presentation of the trial
24  testimony that the Court found at that time and ratifies
25  that finding at this time to be credible, and the objection

1   with regard to the statements in the offense conduct section

2   in paragraphs four, five, six and seven is denied.

3        Also overruled is the objection with regard to the

4   statement in paragraph number ten as to the views of the

5   Assistant U.S. Attorney.

6        Also overruled is the objection to the armed

7   career criminal status discussed in paragraph twenty of the

8   presentence report.  The Court specifically finds that the

9   prior conviction set forth in paragraphs twenty-four,

10  thirty-five, and thirty-six of the presentence report as

11  presented in the presentence report and as represented by

12  the certified copies of those convictions presented to this

13  Court are valid qualifying convictions for the armed career

14  criminal status and that there is no evidence to even

15  suggest that any of those convictions were under the Alabama

16  Youthful Offender Statute.

17       Alabama Code Section 15-19-1 as set, and

18  consequently the objection to the armed criminal status is

19  overruled and the Court finds that the defendant properly

20  qualifies for armed career criminal status under 18, U.S.C.,

21  Section 924(b)(1).

22       The Court finds that the factual statements in the

23  presentence report are correct and also finds that the

24  sentencing guidelines are correctly calculated in the

25  presentence report, the Court specifically finds that the

1    total offense level is correctly shown as a level 33, and

2    that the defendant's criminal history category is correctly

3    calculated as a category six criminal history, which

4    produces a custodial guideline range of two hundred and

5    thirty-five to two hundred and ninety-three months and the

6    Court finds no reason to depart from that range.

7           And on the verdict of guilty of the defendant

8    under count one, it is the judgment and sentence of the

9    Court that the defendant is committed to the custody of the

10   Bureau of Prisons for a term of two hundred and thirty-five

11   months.

12          The Court has selected the lowest end of the

13   sentencing range because the Court concludes that nineteen

14   years and seven months is an appropriate sentence under the

15   circumstances presented in this case.

16          Upon release from the custodial portion of this

17   sentence, the defendant is placed on a term of supervised

18   release for sixty months, subject to the general terms and

19   conditions of supervision with the special condition that

20   the defendant shall participate in the drug and alcohol

21   intensive counseling and after care service program

22   conducted by the probation office or a similar program if

23   the supervised release is being supervised in another

24   district.

25          The defendant is fined the sum of three thousand

1    dollars, which is due and payable immediately with interest

2    and which may be collected under the Bureau of Prisons

3    inmate financial responsibility program.

4           The Court declines to order a further fine because

5    of the defendant's inability to pay a further fine, but a

6    special assessment fee of one hundred dollars is imposed.

7           The Court finds that there was no victim of the

8    criminal conduct charged in the indictment, and

9    consequently, there will be no restitution ordered under the

10   Victim Restitution Act.

11          Other than any objections which may have been

12   stated for the record which are preserved for purposes of

13   appeal, are there any objections from any party as to any

14   finding of fact by the Court, as to the calculation of the

15   sentencing guidelines, and as to the sentence itself or the

16   manner in which the sentence has been imposed, Mr. Earnest?

17          MR. EARNEST:  None from the government, Your

18   Honor.

19          THE COURT:  Mr. Hanle?

20          MR. HANLE:  No, sir.

21          THE COURT:  Mr. Boykin, you have a right to appeal

22   this conviction and this sentence if you desire to do so.

23   The notice of appeal which is necessary to commence that

24   appeal must be filed within ten days from today.

25          That notice of appeal can be filed by you or if

1  you want Mr. Hanle to represent you in connection with that

2  appeal, can be filed on your behalf by him.  But it must be

3  filed by someone within ten days from today to timely

4  commence an appeal.

5          So if you want Mr. Hanle to file the notice of

6  appeal on your behalf, you should let him know well within

7  the next ten days so that he could timely file the written

8  notice of appeal.

9          Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Anything further to take up on this

12  case?

13          MR. EARNEST:  No, Your Honor.

14          THE COURT:  Court will be in recess.

15              (Recess.)

16

17              C E R T I F I C A T E

18      I certify that the foregoing is a correct transcript

19  from the record of proceedings in the above-entitled matter.

20

21  _____          |-3-00

22  TERESA B. ROBERSON, RPR               DATE

23

24

25